UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ROBERT HANKINS,                    :
          Plaintiff               :
                                  :
     v.                           :    CIVIL NO.3:CV-06-2372
                                  :
                                  :    (Judge Conaboy)
JEFFREY BEARD, ET AL.,            :
          Defendants              :
                                  :
_____

## MEMORANDUM
### Background

     Robert Hankins, an inmate presently confined at the State
Correctional Institution, Albion, Pennsylvania (SCI-Albion),
filed this *pro se* civil rights action.[1]  Service of the Original
Complaint was previously ordered.

     Original Defendants responded by filing a motion to
dismiss.  Thereafter, Hankins filed three (3) motions seeking
leave to amend his complaint.  By Order dated November 5, 2007,
Plaintiff's requests to file an Amended Complaint were granted.
The Order forewarned Plaintiff his Amended Complaint "must
regard or directly relate to the facts and claims set forth in
the Original Complaint."  Doc. 31, p. 3.  Furthermore, Hankins
was reminded that "his amended complaint must be complete in all
respects ... a new pleading which stands by itself without

_____

     [1] On November 8, 2007, Plaintiff notified this Court that he
had been transferred to SCI-Albion.  *See* Doc. 32.

reference to the complaint previously filed." *Id*. at p. 4.

An Amended Complaint was filed on December 10, 2007. *See* doc. 38. The Amended Complaint included only one (1) Defendant named in the Original Complaint and sets forth new claims. Four (4) days later, Defendants filed a motion seeking partial dismissal of the Amended Complaint. *See* doc. 40. It is noted that service of the Amended Complaint on the Additional Defendants had not been ordered prior to submission of the motion for partial dismissal.

Named as Defendants in either the Original or the Amended Complaints are the following officials at Plaintiff's prior place of confinement, the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill): Superintendent Donald Kelchner, Unit Managers Robert Marsh, Rick Southers and Blaine Steigerwalt; Superintendent Assistant Ian Taggart; Chief Hearing Examiner Robert Bitner; Paralegal Gent; Lieutenants Keck and Tarantella; Lieutenant Carberry, as well as Correctional Officers (CO) Warner, Adam Hubber, Brian Stubbs, Perez, Martin, Sanchez, J.T. Killeen, John Snook, McEwen, C.M. Free, Cleaver, Kline, Goresky, P.F. Allen, and Klinedinst.

Plaintiff is also proceeding against eight (8) officials at a second prior place of confinement, the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette): Superintendent Harry Wilson; Deputy Superintendents Linda Harris, Krysevig, and Burns; Counselor Popovich; Psychologist

2

John Doe; Lieutenants Daniel Hooper and Sean Nose; Captain Manchas; Majors Scott Nickleson and Eric Armel; Unit Manger Michael Zaken; Administrative Officer Mary Ann Kushner; Superintendent Assistant Carol Scire; COs Halley, Chapley, Garland, Crumb, and Moat; as well as Mailroom Supervisor Darlene Linderman.

Also named are four (4) officials at the Forest State Correctional Institution, Marienville, Pennsylvania (SCI-Forest)[2]: Superintendent Raymond Sobina; Superintendent Assistant Christina Kennedy, Lieutenants Burkhart and Steele.

The remaining Defendants are Anthony Russ and  H. Clifford O'Hara of the Pennsylvania Department of Corrections' (DOC) Office of Professional Responsibility and the DOC's Secretary Jeffrey Beard, Deputy Secretary William Stickman; and Chief Grievance Officer Sharon Burks.[3]

## **Original Complaint**

Hankins initially claims that while Confined at SCI-Camp Hill on May 26, 2003, Defendants CO Snook and Lieutenant Carberry refused to process his legal mail.  As a result, Plaintiff's action pursuant to Pennsylvania's post Conviction Relief Act was dismissed.  His second contention is that Superintendent Kelchner, Unit Managers Southers, and Steigerwalt

---

[2] Plaintiff states that he was transferred to SCI-Forest on November 27, 2006.  *See* Doc. 38, ¶ 30.

[3] However, it appears that John Doe Defendants named in the Original Complaint have been identified in the Amended Complaint.

of SCI-Camp Hill prevented him from communicating with his attorney during the same time period.  He next contends that Defendants COs Hubber and Stubbs refused to forward three (3) boxes of legal and personal materials to Plaintiff after he was transferred from SCI-Camp Hill to SCI-Fayette during April, 2004.

Following his arrival at SCI-Fayette, various Defendants employed at that facility purportedly failed to have Plaintiff's missing property delivered to him.  In December 2004 or 2005, Plaintiff was informed by SCI-Fayette officials that his property had been destroyed.  *See* doc. 1, ¶ 15.  Defendants SCI-Camp Hill Superintendent Kelchner and Superintendent's Assistant Taggart allegedly acted improperly by denying Plaintiff's grievance relating to the destruction of his property.  The Original Complaint next asserts that on December 6, 2006 various SCI-Fayette Defendants improperly confiscated a § 1983 complaint which he had prepared in retaliation.  Other SCI-Fayette Defendants allegedly covered up the illegal conduct.

It is next alleged that Defendants Paralegal Gent and Chief Hearing Examiner Bitner of SCI-Camp Hill denied Hankins legal assistance.  Plaintiff adds that he was also denied access to the SCI-Fayette law library by various Defendants.  Other SCI-Fayette Defendants allegedly failed to investigate Plaintiff's complaints and allowed their subordinates to engage in constitutional misconduct.

4

Finally, on May 6, 2005, a second § 1983 complaint which had been prepared by Plaintiff was allegedly confiscated by SCI-Fayette CO Chapley and other Defendants out of retaliation.  As relief, Plaintiff sought compensatory and punitive damages as well as injunctive relief.

**Amended Complaint**

Hankins initially alleges that around September 10, 2002, he was subjected to physical and verbal abuse while being escorted from the SCI-Camp Hill law library by COs Killeen and Snook.  After arriving at his cell he was physically assaulted by Defendants Killeen, Snook and Klinedinst.  Following the assault, Plaintiff allegedly had to wait until the next day to obtain needed medical treatment.  Defendants O'Hara of the DOC and SCI-Camp Hill Lieutenant Keck allegedly conducted a halfhearted investigation into the incident and failed to take corrective action.

The second portion of the Amended Complaint alleges that Defendants McEwen and Goresky of SCI-Camp Hill tampered with Hankins' food by placing glass in his mashed potatoes.  This alleged retaliatory conduct  occurred in the beginning of 2004. As a result, Plaintiff purportedly suffered a broken tooth.  It is further asserted that Defendant Tarantella refused Plaintiff's request for medical attention and the SCI-Camp Hill Lieutenant Keck again failed to take corrective action.

Next, Hankins claims that on or about August 17, 2002, COs

Kline and McEwen further retaliated against hm by placing him in
a filthy SCI-Camp Hill cell while handcuffed.  Plaintiff states
that he slipped in the cell and injured his back and had to wait
45 minutes before being provided with aid while Defendants
Kline, McEwen, Goresky, Allen and Cleaver sat nearby and laughed
at him.  CO Free also purportedly failed to provide Hankins with
assistance.

     Plaintiff further maintains that he was subject to
additional retaliation at SCI-Camp Hill when Defendant Kline
took his prescribed medicated toothpaste for sensitive teeth.
As a result, Hankins asserts that he was caused unwarranted
pain.  Thereafter, around February 10, 2004, SCI-Camp Hill COs
Perez, Huber, and Sanchez denied him lunch and subjected him to
verbal harassment.  The Amended complaint indicates that in
2004, CO Martin of SCI-Camp Hill purportedly played a role in
urine being placed on his food.

     It is next alleged that Unit Manager Marsh failed to
forward Plaintiff's legal materials to him after he was
transferred to SCI-Fayette.  As a result, Plaintiff states that
he was unable to properly pursue a request for habeas corpus
relief and to defend himself against criminal charges filed by
Defendants.

     Plaintiff next avers that he was transferred to SCI-Forest
on or about November 27, 2006.  Upon his arrival, Defendants
Steele and Burkhart of SCI-Forest denied his request for legal

6

materials, thus, preventing him from meeting s court deadline. Those two Defendants also purportedly restricted Plaintiff's law library privileges, confiscated his legal materials, and repeatedly hindered his attempts to attack his criminal conviction and obtain access to the courts.  Burkhart and Steele were allegedly acting in retaliation per a request from correctional staff at SCI-Fayette.

SCI-Fayette Administrative Officer Kushner, SCI-Fayette Superintendent's Assistant Scire, SCI-Forest Superintendent's Assistant Kennedy and Chief Grievance Officer Burks of the DOC intentionally failed to take proper action with respect to complaints and grievances filed by Hankins regarding the alleged retaliatory acts of misconduct.  Scire also purportedly denied Plaintiff's request for access to needed legal materials.[4] Hankins seeks declaratory and injunctive relief as well as punitive, compensatory, and nominal damages.

On December 21, 2007, a motion to dismiss the Amended Complaint was filed.  *See* doc. 40.  Plaintiff thereafter filed a motion to clarify.  *See* doc. 49.  Both motions are ripe for consideration and will be discussed below.

---

[4]  In an accompanying affidavit, Plaintiff states that he is suffering from a myriad of health problems including delusions, depression, vivid fantasies, vivid hallucinations and anxiety.

## Discussion

### Motion to Clarify

On March 3, 2008, Plaintiff filed a motion to clarify.  *See* Doc. 49.  His motion indicates that as a *pro se* litigant he did not realize that his Amended Complaint needed to include any parties or claims which had been previously set forth in his Original Complaint.  As a result, Hankins requests that the Defendants and allegations set forth in his Original Complaint be allowed to proceed.

In light of the liberal treatment afforded *pro se* litigants, Plaintiff's motion to clarify will be granted. Plaintiff's Amended Complaint will be deemed a supplemental Complaint and the allegations set forth in both the Original and Supplemental Complaints will be considered.

### Motion to Dismiss

Defendants claim entitlement to entry of partial dismissal on the grounds that: (1) Plaintiff's claims relating to conduct which transpired at SCI-Camp Hill or otherwise prior to November 17, 2004 are barred by the applicable statute of limitations; (2) the claims against Defendants in their official capacities is barred by the Eleventh Amendment; and (3) the allegations that Defendants Kushner, Scire, Kennedy, and Burks mishandled Plaintiff's administrative grievances do not rise to the level of a viable constitutional claim.

8

**Standard of Review**

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations.  White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  "[W]hen a complaint adequately states a claim, it may not be dismissed on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1969 (2007).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief."  Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them."  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997).  Finally, it is additionally well-settled that *pro*

*se* complaints should be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  This Court will now discuss Defendants' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Mootness**

Hankins' Original and Supplemental Complaints are clearly premised upon events which transpired at SCI-Camp Hill, SCI-Fayette and SCI-Forest over the course of the past several years.  With exception of a few DOC officials, Defendants are employed at those three (3) correctional facilities.  As partial relief, Plaintiff seeks both injunctive and declaratory relief.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy."  Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Id*. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Furthermore, an inmate's claim for injunctive and declaratory relief fails to present a case or controversy once the inmate has been transferred.  Wahl v. McIver, 773 F.2d 1169,

10

1173 (11th Cir. 1985) (citation omitted); *see also* <u>Carter v.</u>
<u>Thompson</u>, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

    On November 8, 2007, Plaintiff notified this Court that he
had been transferred to SCI-Albion.  *See* Doc. 32. There is no
indication that he will be returned to either SCI-Camp Hill,
SCI-Forest, or SCI-Fayette in the foreseeable future.
Accordingly, Plaintiff's action to the extent that it seeks
injunctive and declaratory relief based upon actions which
previously occurred at those prior places of confinement is
subject to dismissal on the basis of mootness.[5]

## Eleventh Amendment

    The second argument raised by Defendants is that the
portion of the Supplemental Complaint which seeks monetary
relief against them in their official capacities must be
dismissed under the Eleventh Amendment. Plaintiff counters that
he is only seeking injunctive relief against Defendants in their
official capacities.  *See* Doc. 44, p. 6.

    The Eleventh Amendment provides:

> The judicial power of the United States
> shall not be construed to extend to any suit
> in law or equity, commenced or prosecuted
> against one of the United States by citizens
> of another state, or by citizens or subjects
> of any foreign state.

    "[C]laims for money damages against the prison officials in

---

[5] There is no indication that Plaintiff still has legal
materials remaining at any of his prior places of confinement.  He
indicates that legal materials which were not forwarded to him have
been destroyed.

their official capacity are claims for retroactive relief and
hence are barred by the Eleventh Amendment."  <u>Doe v. Wagginton</u>,
21 F.3d 733 (6th Cir. 1994) (citing <u>Edelman v. Jordan</u>, 415 U.S.
651, 663 (1974).  The Court of Appeals for the Third Circuit in
<u>Laskaris v. Thornburgh</u>, 661 F.2d 23, 26 (3d Cir. 1981),
similarly concluded that an "action in federal court for damages
or back pay against a state official acting in his official
capacity is barred because such retrospective relief necessarily
depletes the state treasury."

Pursuant to the above discussion and Hankins' expressed
concurrence, Plaintiff's claims to the extent that they seek
monetary compensation from Defendants in their official
capacities are clearly barred by the Eleventh Amendment and will
be dismissed.

**<u>Statute of Limitations</u>**

Defendants' second argument is that Plaintiff seeks relief
based upon conduct which transpired over two (2) years prior to
submission of the Original Complaint.  Consequently, they
conclude that those allegations are precluded from review by
Pennsylvania's applicable two (2) year statute of limitations.
Defendants add that since Hankins was transferred from SCI-Camp
Hill during April, 2004, the claims against all SCI-Camp Hill
officials named as Defendants are likewise time barred.

In his opposing brief, Hankins states that he has been the
subject of retaliation "since 2002" and is "still experiencing

ongoin [sic] harm." Doc. 44, p. 5.  He adds that his
mistreatment began when he was transferred from Farview in 1975.[6]
*See id.* Hankins concludes that his claims are not time barred
because they are part of a continuing pattern of retaliatory
misconduct.

A federal court in reviewing the applicability of the
statute of limitations to an action filed pursuant to § 1983,
must apply the appropriate state statute of limitations which
governs personal injury actions.  <u>Wilson v. Garcia</u>, 471 U.S.
261, 276 (1985); <u>Cito v. Bridgewater Twp. Police Dep't</u>, 892 F.2d
23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in
<u>Wilson</u> when it held that "courts considering § 1983 claims
should borrow the general or residual [state] statute for
personal injury actions." <u>Owens v. Okure</u>, 488 U.S. 235, 250
(1989).  Pennsylvania's applicable personal injury statute of
limitations is two years.  <u>See</u> 42 Pa. Cons. Stat. Ann. § 5524(7)
(Purdon Supp. 1996); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 190 (3d
Cir. 1993); <u>Smith v. City of Pittsburgh</u>, 764 F.2d 188, 194 (3d
Cir.), <u>cert. denied</u>, 474 U.S. 950 (1985).  Finally, the statute
of limitations "begins to run from the time when the plaintiff
knows or has reason to know of the injury which is the basis of
the Section 1983 action." <u>Gentry v. Resolution Trust Corp.</u>, 937

---

[6] Hankins is presumably referring to Farview State Hospital
which in 1975 housed Pennsylvania state criminal offenders who
suffered from mental disorders.

F.2d 899, 919 (3d Cir. 1991) (citations omitted).

Hankins' Original Complaint in this matter is dated November 17, 2006.  *See* Doc. 1, p. 36.  In Houston v Lack, 487 U.S. 266 (1988), the United States Supreme Court established that a prisoner's complaint is deemed filed at the time it was given to prison officials for mailing to the Court. This "mailbox rule" resulted from the Court's concern that prisoners had no choice but to rely upon prison authorities for the filing of their legal papers.  The Supreme Court in Houston also noted that if a question regarding timeliness of a filing date arises, a prisoner would not likely be able to establish that prison staff were responsible for any delays in the filing of such papers.  *See id.* at 271.  Pursuant to the standards announced in Houston, Hankins' action will be deemed filed as of the date it is dated, November 17, 2006.

The question of when a cause of action accrues is a question of federal law.  Smith v. Wambaugh, 887 F. Supp. 752, 755 (M.D. Pa. 1995).  A § 1983 claim accrues when the facts which support the claim reasonably should have become known to the plaintiff.  If a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing pattern falls within the limitations period. Brenner v. Local 514, 927 F. 2d 1283, 1295 (3d Cir. 1991).

Plaintiff's Original and Supplemental Complaints include claims based upon constitutional misconduct which purportedly

14

transpired at SCI-Camp Hill.  The incidents underlying the
claims against the SCI-Camp Hill Defendants are as follows:

> * August 17, 2002 (involving Defendants Kline & McEwen, *see*
>    doc. 38, ¶ 11);
>
> * September 10, 2002 (involving Defendants Killeen, Snook,
>    & Klinedinst, *see id.* at ¶ ¶ 1-2);
>
> * May 26, 2003 (involving Defendants Snook and Carberry,
>    *see* Doc. 1, ¶ 5 );
>
> * 2003 (involving Defendants Kelchner, Southers, &
>    Streigerwalt, *see id.* at  ¶ 6);
>
> * the "beginning of 2004"(involving McEwen & Goresky; *see*
>    *Doc. 38,* ¶ 7);
>
> * February 10, 2004 (involving Defendants Perez, Huber &
>    Sanchez, *see id.* at ¶ 18);
>
> * "sometime in 2004" (involving Defendant Martin, *see id.*
>    at ¶ 19);
>
> * April, 2004 (involving Defendant Marsh, *see id.* at ¶ 23);
>
> * April 2004 (involving Defendants Hubber & Stubbs, see
>    doc. 1, ¶ 7).

Although each of those incidents were allegedly the result
of retaliatory conduct, the intervening time periods between the
events and the fact that different SCI-Camp Hill staff members
were involved in the purportedly unconstitutional conduct

undermines any theory that they were part of a continuing pattern. Moreover, the alleged pattern with respect to the SCI-Camp Hill Defendants would have ceased with Plaintiff's transfer during April, 2004 or shortly thereafter (presumably the last alleged act of retaliation was the alleged failure to forward and/or apparent destruction of Plaintiff's personal property which presumably would have occurred either at the time of, or shortly after his transfer).

As noted earlier, Plaintiff's action is deemed filed as of November 17, 2006. Based upon an application of Pennsylvania's applicable two year statute of limitations, any claims which occurred prior to November 17, 2004 are time barred. Plaintiff acknowledges that he was transferred from SCI-Camp Hill to SCI-Fayette "sometime in April of 2004." Doc. 1, ¶ 7.

Based upon Hankins' own admission and this Court's conclusion that the continuing pattern exception is not applicable, Plaintiff's claims against the SCI-Camp Hill Defendants, are time barred and precluded from consideration. Dismissal will be entered in favor of each of the SCI-Camp Hill Defendants.

In addition, the claims that Defendants O'Hara and Russ failed to conduct a proper DOC investigation into the September 10, 2002 incident or any other SCI-Camp Hill incidents are likewise time barred. *See* Doc. 38, ¶¶ 5, 26. Dismissal will also be entered in favor of Defendants O'Hara and Russ.

16

**Handling of Grievances**

Plaintiff alleges that SCI-Fayette Administrative Officer, Kushner, SCI-Fayette Superintendent's Assistant Scire, SCI-Forest Superintendent's Assistant Kennedy and DOC's Chief Grievance Officer Burks were all involved in handling his institutional grievances. *See* Doc. 38, ¶ 38.  His Supplemental Complaint generally contends that those officials retaliated against him "in one form or another" by frustrating his pursuits of administrative relief. *Id*. at ¶ 39.

Defendants seek dismissal of those allegations on the basis that any claims based upon the handling of Hankins' institutional grievances are insufficient, because the "creation of an inmate grievance system does not give rise to any constitutional claim." Doc. 41, p. 7.  Plaintiff indicates that these claims should be allowed to proceed because those officials violated a protected interest which was created by Pennsylvania state law. *See* Doc. 44, p. 7.

It is well-established that prisoners have no constitutionally protected right to a grievance procedure. *See* <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); <u>Wilson v. Horn</u>, 971 F. Supp. 943, 946 (E.D. Pa. 1997), <u>aff'd</u>, 142 F.3d 430 (3d Cir. 1998); <u>McGuire v. Forr</u>, Civ. A. No. 94-6884, 1996 WL 131130, at *1 (E.D. Pa. March 21, 1996),

17

aff'd, 101 F.3d 691 (3d Cir. 1996).

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. *See* Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).

Plaintiff's argument that the officials violated a protected liberty interest which was created by Pennsylvania state law is not compelling. The Supplemental Complaint fails to allege with any factual specificity what Defendants Kushner, Scire, Kennedy, and Burks did. He vaguely indicates only that those officials frustrated his attempts to obtain administrative relief. No specific conduct is described and there are no allegations that said officials acted contrary to any Pennsylvania state law or regulation. Accordingly, based upon an application of the standards announced in Jones and Flick, to the vague assertions set forth in the Supplemental Complaint, a viable § 1983 claim has not been stated.

Accordingly, Hankins' general contentions that Defendants Kushner, Kennedy, Scire and Burks violated his constitutional rights by failing to take proper action following his submission of institutional grievances are without merit. Dismissal will

be entered in favor of those Defendants with respect to those contentions.[7]

## **Secretary Beard and Deputy Secretary Stickman**

_____As a result of the determinations made in this Memorandum the claims against the sixteen (16) SCI-Camp Hill Defendants and the three (3) DOC Defendants (O'Hara, Russ, and Burks) have been dismissed.  The only remaining DOC officials named as Defendants are Secretary Beard and Deputy Secretary Stickman.

Hankins has paid the required filing fee in this matter. Nonetheless, 28 U.S.C. § 1915A  provides in pertinent part:

> (a)  Screening. -- The court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b)  Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>> (2) seeks monetary relief from a defendant who is immune from such relief.

A district court may _sua sponte_ dismiss a claim which is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  _See_ Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v.

_____

[7] The allegation that Defendant Scire denied Hankins access to legal materials (doc. 38, ¶ ¶42-43) will be allowed to proceed.

Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[8]

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims brought cannot be premised on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

---

[8] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

Rode, 845 F.2d at 1207.

Based upon a review of both the Original and Supplemental Complaints, the claims against Defendants Secretary Beard and Deputy Secretary Stickman are solely based upon their supervisory capacities within the DOC.  Under the standards developed in Rizzo and Rode, such *respondeat superior* type assertions are insufficient for establishing civil rights liability.  Consequently, this Court will *sua sponte* grant dismissal in favor of those officials without prejudice, as legally frivolous under 28 U.S.C. § 1915A.

**Venue**

As a result of the above determinations, the only remaining Defendants are correctional officials employed at SCI-Fayette and SCI-Forest.

28 U.S.C. § 1391(b) provides that: (b) "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  Clearly, since the DOC and SCI-Camp Hill Defendants are located within

the confines of the Middle District of Pennsylvania, the complaint was properly brought in this district.

     However, as noted earlier all claims against the SCI-Camp Hill and DOC Defendants have been dismissed.  It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a).  The United States Supreme Court in <u>Hoffman v,</u> <u>Blaski</u>, 363 U.S. 335, 343 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

    Remaining Defendants are employed at either SCI-Fayette or SCI-Forest.  Both SCI-Fayette and SCI-Forest are located within the United States District Court for the Western District of Pennsylvania.  Likewise, all of Plaintiff's remaining allegations regard events which occurred at SCI-Fayette or SCI-Forest.  Moreover, Plaintiff is presently housed at SCI-Albion which is also located within the Western District.

    Consequently, it is apparent to this Court that the convenience of the parties and the interests of justice would be best served by transferring Hankins' remaining claims to the Western District of Pennsylvania which is a more convenient forum.  The remaining portion of this matter will be transferred to the Western District of Pennsylvania pursuant to § 1404(a).

An appropriate Order will enter.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge



DATED: JULY 29, 2008

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ROBERT HANKINS,                    :
          Plaintiff               :
                                   :
     v.                            :   CIVIL NO.3:CV-06-2372
                                   :
                                   :   (Judge Conaboy)
JEFFREY BEARD, ET AL.,             :
          Defendants              :
                                   :
_____

### ORDER


     AND NOW, THIS 29th DAY OF JULY, 2008, in accordance with

the accompanying Memorandum, IT IS HEREBY ORDERED THAT:


     1.    Plaintiff's motion to clarify (doc. 49) is granted.

     2.    Plaintiff's Amended Complaint is deemed to be a

           Supplemental Complaint.

     3.    Defendants' motion (doc. 40) seeking partial dismissal

           is granted.

     4.    Plaintiff's requests for injunctive relief are

           dismissed as moot.

     5.    The claims for monetary damages against the Original

           and Additional Defendants in their official capacities

           are dismissed under the Eleventh Amendment.

     6.    Plaintiff's claims based upon constitutional

misconduct which occurred prior to November 17, 2004
are barred by the applicable statute of limitations.

7.  Dismissal is entered in favor of the following SCI-
Camp Hill Defendants:  Unit Manager Robert Marsh;
Lieutenants Keck and Tarantella; as well as
Correctional Officers (CO) Warner, Perez, Martin,
Sanchez, J.T. Killeen, Snook, McEwen, C.M. Free,
Cleaver, Kline, Goresky, P.F. Allen, and Klinedinst.

8.  Dismissal is granted in favor of DOC Defendants
Anthony Russ, H. Clifford O'Hara and Chief Grievance
Officer Sharon Burks.

9.  Dismissal without prejudice is granted in favor of
Secretary Beard and Deputy Secretary Stickman pursuant
to 28 U.S.C. § 1915(e)(2)(B)(I).

10. The claims against Remaining Defendants, namely,
officials at SCI-Fayette and SCI-Forest, are
transferred to the United States District Court for
the Western District of Pennsylvania.

                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge